**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Agelon Ramon Ashby,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:26-cv-01247-ADA-SH** |
| | § | |
| **Carrington Mortgage Services, LLC,** *Defendant* | § | |
| | § | |

**ORDER**

Now before the Court are Plaintiff's Motion to Compel Defendant's Complete Discovery Responses and Production, filed October 20, 2026 (Dkt. 37); Defendant's Response, filed October 29, 2026 (Dkt. 39); and Plaintiff's Reply, filed October 30, 2026 (Dkt. 40).[1]

The Court denies the motion for failure to confer. Plaintiff Agelon Ramon Ashby, proceeding *pro se*, sent a written meet-and-confer letter to counsel for Defendant Carrington Mortgage Services, LLC, and filed his motion when he did not receive a response by his unilaterally set deadline two business days later. Ashby misunderstands his duty to confer.

*Pro se* litigants – like all other parties – must "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 485 (5th Cir. 2014) (citation omitted). Local Rule CV-7(g) provides:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

[1] The Honorable Alan D Albright (ret.) referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"), and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 2.

*See also* Fed. R. Civ. P. 37(a)(1) (requiring that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); Attorney Rule AT-4 ("When a discovery dispute arises, opposing lawyers should attempt to resolve it by working cooperatively together. A lawyer should refrain from filing motions to compel or for sanctions unless all reasonable efforts to resolve the dispute with opposing counsel have been exhausted.").

"Good faith" requires a genuine attempt to resolve the dispute through non-judicial means. *Le v. Midland Credit Mgmt., Inc.*, No. 1:25-CV-00870-ADA-SH, 2026 WL 2450277, at *5 (W.D. Tex. July 21, 2026), *R. & R. adopted*, 2026 WL 2447972 (W.D. Tex. Aug. 19, 2026) (citation omitted). Ashby's "single letter unilaterally identifying flaws in Defendant's discovery responses and setting an arbitrary response deadline for Defendant would seem to be inadequate, as it does not equate to a good faith conferral or attempt to confer." *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012).

The Court admonished the parties less than four months ago that conferment "requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse." Dkt. 29 at 1 (quoting *McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.)). The Court **ORDERS** Ashby to actually talk with opposing counsel in a genuine attempt to resolve any discovery disputes before again seeking Court intervention. Plaintiff's Motion to Compel Defendant's Complete Discovery Responses and Production (Dkt. 37) is **DENIED**.

**SIGNED** on November 2, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE